UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>Plaintiff,<br><br>v.<br><br>MERCED COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | No.  2:24-cv-3192-TLN-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff proceeds pro se in this action seeking relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

Plaintiff has filed an application in support of a request to proceed in forma pauperis. (ECF No. 2.) The application makes the showing required by 28 U.S.C. § 1915 and will be granted.

**I.      SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

1  (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

2  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454

3  U.S. 364, 365 (1982) (per curiam).

4  **II.    ALLEGATIONS IN THE COMPLAINT**

5       Plaintiff names the Merced County Sheriff's Department as the sole defendant for

6  "violation of [his] constitutional rights." (ECF No.1 at 1.)

7       Plaintiff alleges that in August of 2022 he "was arrested for DUI charges and housed in

8  Merced County Correction Center." Id. He further alleges that between August and November of

9  2022 he was subjected to "inmates gathering against me spreading info about me that they could

10  only have gotten from the guards." Id at 1 and 6. He further alleges that he was subject to various

11  forms of harassment, including "inmates putting disinfectant in my drinks," "stuff missing from

12  my box," being hit by inmates at night, and being sexually assaulted." Id. at 2.  Plaintiff alleges

13  that he reported the incidents to the guards but that "they would say ok and no action was taken."

14  Id. at 3.

15       Plaintiff further alleges that "all the negligence from the jail was shared by the

16  Sacramento Police Department on or around November 2023." Id.

17       Finally, plaintiff alleges that he was assaulted in January of 2024 in "reno jail." Id.

18  **III.    PLEADING STANDARDS**

19       When considering whether a complaint states a claim upon which relief can be granted,

20  the court accepts the well-pleaded factual allegations as true, Erickson v. Pardus, 127 S. Ct. 2197,

21  2200 (2007), and construes the complaint in the light most favorable to the plaintiff. See Scheuer

22  v. Rhodes, 416 U.S. 232, 236 (1974). Although the facts are accepted as true, a court need not

23  indulge unwarranted inferences or legal conclusions. See Doe I v. Wal-Mart Stores, Inc., 572

24  F.3d 677, 681 (9th Cir. 2009).

25       In order to avoid dismissal, a claim must have facial plausibility. Bell Atlantic Corp. v.

26  Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

27  factual content that allows the court to draw the reasonable inference that the defendant is liable

28  for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[N]aked assertions,"

2

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. <u>Twombly</u>, 550 U.S. at 555-57 (2007); see also <u>Iqbal</u>, 556 U.S. at 678.

## IV.    THE COMPLAINT FAILS TO STATE A CLAIM

### A.    No Cognizable Claim against Sheriff's Department

"Municipalities and other local government units... [are] among those persons to whom § 1983 applies." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978). However, a municipal entity or a municipal department is liable under section 1983 only if plaintiff shows that her constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. See <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541 F.3d 950, 964 (9th Cir. 2008). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." <u>Board of Cty. Comm'rs. of Bryan Cty. v. Brown</u>, 520 U.S. 397, 404 (1997). A local governmental entity may also be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474 (9th Cir.1992) (citing <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989)); <u>see also</u> <u>Monell</u>, 436 U.S. at 690–91. The custom or policy of inaction must be the result of a conscious or deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. <u>City of Canton</u>, 489 U.S. at 389; <u>Oviatt</u>, 954 F.2d at 1477 (quoting <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

Here, the complaint contains no allegations that plaintiff was injured as a result of employees acting pursuant to any policy or custom of the Merced County Sheriff's Department. Accordingly, there is no cognizable claim against the Merced County Sheriff's Department.

## V.    LEAVE TO AMEND

The complaint must be dismissed for the reasons set forth herein. The court will grant plaintiff leave to file an amended complaint. See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to

3

1  dismissal of the action."). If plaintiff is unable or unwilling to cure the complaint's deficiencies,

2  then plaintiff may file a notice of voluntary dismissal. If plaintiff elects to file an amended

3  complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the

4  deficiencies identified herein. Plaintiff is informed that Local Rule 220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading. Therefore, in any

6  amended complaint, as in an original complaint, each claim and the involvement of each

7  defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

8       The court provides plaintiff with the following information based on his pro se status and

9  the nature of his allegations.

10               A.  **First Amendment/Retaliation**

11       "Within the prison context, a viable claim of First Amendment retaliation entails five

12  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

13  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

14  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

15  correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

16               B.  **Failure to Protect**

17       Under the Eighth Amendment, "prison officials have a duty to protect prisoners from

18  violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal

19  quotation marks, ellipsis, and citation omitted).  However, "not . . . every injury suffered by one

20  prisoner at the hands of another . . . translates into constitutional liability for prison officials

21  responsible for the victim's safety." Id. at 834.  A prison official may be held liable for an assault

22  suffered by one inmate at the hands of another only where the assaulted inmate can show that the

23  injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of

24  harm. Id. at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting with

25  deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to

26  his future health." Id. at 834 (internal quotation omitted).  To be deliberately indifferent, the

27  "official must both be aware of facts from which the inference could be drawn that a substantial

28  risk of serious harm exists, and he must also draw the inference." Id.

4

1     **C.  Eighth Amendment**

2          The Eighth Amendment applies only to persons who have been sentenced following a

3     criminal conviction, <u>Bell v. Wolfish</u>, 441 U.S. 520, 528 (1979.  However, pretrial detainees

4     receive protection from onerous conditions of confinement under the Fourteenth Amendment and

5     the standards for protection for prisoners under the Eighth Amendment and pretrial detainees

6     under the Fourteenth Amendment are generally the same.  <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128

7     (9th Cir.1998).

8     **D.  Conditions of Confinement**

9          In order for a prison official to be held liable for alleged unconstitutional conditions of

10    confinement, the prisoner must allege facts that satisfy a two-prong test.  <u>Peralta v. Dillard</u>, 744

11    F.3d 1076, 1082 (9th Cir. 2014) (citing <u>Farmer</u>, 511 U.S. at 837).  The first prong is an objective

12    prong, which requires that the deprivation be "sufficiently serious."  <u>Lemire v. Cal. Dep't of Corr.</u>

13    <u>& Rehab.</u>, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing <u>Farmer</u>, 511 U.S. at 834).  In order to be

14    sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal

15    civilized measure of life's necessities."  <u>Lemire</u>, 726 F.3d at 1074.  The objective prong is not

16    satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing,

17    sanitation, medical care, and personal safety."  <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir.

18    2000) (quoting <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "[R]outine discomfort

19    inherent in the prison setting" does not rise to the level of a constitutional violation.  <u>Johnson v.</u>

20    <u>Lewis</u>, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a

21    violation, but only if such deprivations are lengthy or ongoing").  Rather, extreme deprivations

22    are required to make out a conditions of confinement claim, and only those deprivations denying

23    the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

24    Eighth Amendment violation.  <u>Farmer</u>, 511 U.S. at 834; <u>Hudson v. McMillian</u>, 503 U.S. 1, 9

25    (1992).  The circumstances, nature, and duration of the deprivations are critical in determining

26    whether the conditions complained of are grave enough to form the basis of a viable Eighth

27    Amendment claim.  <u>Johnson v. Lewis</u>, 217 F.3d at 731.

28         The second prong focuses on the subjective intent of the prison official.  <u>Peralta</u>, 774 F.3d

5

at 1082 (9th Cir. 2014) (citing <u>Farmer</u>, 511 U.S. at 837).  The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner.  <u>Id.</u> (citing <u>Farmer</u>, 511 U.S. at 842); <u>see also</u> <u>Redman v. Cnty. of San Diego</u>, 942 F.2d 1435, 1439 (9th Cir. 1991).  Mere negligence on the part of the prison official is not sufficient to establish liability.  <u>Farmer</u>, 511 U.S. at 835.

E.  <b>Joinder of Multiple Claims and Parties</b>

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

**VI.   PLAIN LANGUAGE SUMMARY**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendant.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims. If you are unable or unwilling to fix the complaint's problems, then you may file a notice of voluntary dismissal.

/////

/////

/////

6

**VII.   ORDER**

In accordance with the above, IT IS ORDERED:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff's complaint (ECF No. 1) is dismissed; and

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 20, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.Rodarte3192.screen

7